Cüeia per
Johnson, J.
Nonobjection was raised to the, right of Joseph Alexander to take and hold as trustee, and it -has not been controverted that before the statute 27 H. 8, c. 10. the premises would not have es-cheated ; but it is contended, that under that statute the use was executed in Hester Smith, and being an alien, and therefore incapable of taking and holding to her own uses the premises escheated to the State; and whether *455 it did or hot, is tbe first question which falls within our 'our observation.
By the common law, if one was seized of a legal estate in lands, to the use of, or in trust for another, they were not liable to the debts of the cestuique trust, and by means of secret trusts of this, sort, a door was opened for innumérab'e frauds; and the object of the statute was to remedy this evil. And for this purpose the statute transfers all such uses into possession, or in other words, it invests the cestuique trust with a legal estate in the trust property, by declaring him seized to all intents ánd purposes in such like estates as he had, or shall have in use, &c.
It is apparent that this statute never' was designed to create an estate not conveyed, or to transfer one into possession which never existed ; and I think it will not be difficult to demonstrate that Hester Smith took under this deed only a use for life ,with the' power of appointment, and that however thatinterest,whetherin use or possession, might have been effected by the law of escheats it has passed away, and the estate.has become legally-vested, according to the limitations of the deed of trast.
By the terms of this deed the use is expressly limited to the life of Hester Smith, and admitting that was transferred into possession by the .statute, no more than her life estate could have escheated, because it was all the interest she had in it; Let it be admitted also, that under the limitation ¡over to her right heirs, in default of her appointment by will, the fee would have vested, if she had been capable of taking, and I think the same consequences would result. She did execute the power of appointment; that contingency did not- therefore, happen, and her interest resulted in a life estafé. As an alien, too, she could have no heirs, and consequently the condition of a limitation over to them was impossible and void.
*456 Assuming, as before remarked, that the statute did not intend to vary or enlarge the quantity of the interest granted, but only to change its character from an equitable to a legal estate, whéther it is or is not transferred into possession, must depend entirely on the intention of the grantors expressed in the grant. If the office of the trustee is simply to hold for the use of the cestuique trust, then the statute transfers the use into possession ; but where it is necessary to the execution of the;trust, that the legal. estate should remain in the trustee, then the use is not executed by the statute, because it would defeat the object of the- trust; as in the case of Nevil vs. Saunders, 1 Vern. 415, where lands were devised to trustees lor the use of a married woman, and in trust to pay the rents and profits’to her'from time to time, or to such other person as she should appoint without the con-troul of her husband.
So in the* case of Harten vs. Harten, 7 Dal. 648— where it was held that a devise of lands to trustees upon trust to permit a feme covert to take the rents and profits during.her life for her sole and separate úse, and after her death, to the use of her first arid other sons, &c.— Lord Kenyon in delivering the opinion of the Court, remarks, that whether this be a use executed in the trustees, or not, must depend on the intention of the devisor to be collected from the will. — This provision, he adds, was made tó secure the.feme covert a separate allowance, free from the controul of her husband, to effectuate which it is essentially necessary that the trustees should take the estate with the use executed in them, otherwise it would defeat the very object that the testator had in view.
Gases illustrative of the principle might be cited in almost endless variety, and although I have not been-able to find one exactly parallel to the present in every particular, the analogies' are very strong, and bring the case, *457 I think, clearly within it. In some respects, it is the counter-part of the case of Horton vs. Horton. The trust here, as in that case, is for the sole and separate use of a married woman without the eontroul of her husband, and by transferring the use into possession, the husband would be entitled to the rents and profits, and thus the object of the trust would be defeated, and, like the case of Nevil vs. Saunders, the legal estate must remain in the trustee in order to give effect to the limitation over to the appointee of Hester Smith.
It is said in Com. Dig. Tit. Alien. 63, that if an alien purchase lands and take titles in the name of a trustee, that the King cannot have an inquisition; but that he must go into Chancery for the purpose of having the trust executed, and 1 Roll, 194; Hard. 495, are cited as authority, and herein the grounds that were taken in reference to the jurisdiction of the Court. Apart from the question of jurisdiction, and in reference to the principle alone, this authority taken to the fullest extent, will not support the grounds of the motion. Let us suppose this proceeding was a bill in Chancery, and the object was to have the trust executed in the cestuique trust, in what manner would it be executed ? It could not be executed in Hester Smith, for her life estate is terminated, and it could only, therefore, be executed in her appointees; for such are the provisions of the deed, and such must be the effect, if the intention of the grantor is to be effectuated; so, that in any view of the subject the escheat is saved.
This conclusion renders the consideration of the other questions in the case unnecessary, and the motion is therefore rejected. Judgment affirmed.